UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELENE R. MAHONEY,<br><br>               Plaintiff,<br>v.<br><br>LA QUINTA MANAGEMENT SERVICES, LLC, *et al*.,<br><br>               Defendants. | Civil No. 14-CV-0878-GPC (WVG)<br><br>ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE |

## I. BACKGROUND

On December 9, 2014, counsel for both parties informed the Court of a discovery dispute involving six of Plaintiff's Requests for Production of Documents ("RFPs"). The Court held a telephonic Discovery Conference on December 11, 2014. On December 17, 2014, the Court issued an Order Following Telephonic Discovery Conference. (Doc. No. 26.) In its Order, the Court noted that Plaintiff sought information from Defendant regarding whether employees other than Plaintiff accepted cash from customers after Defendant's no cash policy was instituted in 2013. Id. at 4. The Court granted Plaintiff's request to compel Defendant to produce responsive documents, and ordered Defendant to produce the actual data of customers who secured a room using cash as the method of payment from 2013

through the present. Id. The Court ordered that Defendant was not to simply provide a summary of the data. Id.

On January 7, 2015, counsel for both parties notified the Court of a discovery dispute involving the document produced by Defendant in response to the Court's December 17, 2014, Order, related to the no cash policy. Also on January 7, 2015, the Court held another telephonic Discovery Conference. Ms. Alreen Haeggquist participated on behalf of Plaintiff, and Mr. Frank Tobin participated on behalf of Defendant. During the Conference, the parties explained that Defendant produced a spreadsheet that listed other employees who accepted cash at check-in, but Defendant had redacted the employees' names due to privacy concerns. Defendant argued that the spreadsheet implicates employee performance, and noted that actual names are subject to employee privacy concerns. Defendant claimed that it has a duty to protect the privacy interests of the employees. Plaintiff argued that the information reflected in Defendant's spreadsheet goes to the heart of the case because Plaintiff was allegedly fired for accepting cash at check-in.

The Court tentatively ruled that Defendant shall unredact the employees' names in the spreadsheet. However, Defendant cited three cases to support its position that the employees' names should remain redacted. Plaintiff argued that the cases cited by Defendant are inapplicable, and do not provide a blanket rule that the employees' names have to be redacted. The Court informed the parties that it would review the three cases cited by Defendant and then provide a final ruling on the discovery dispute.

## II. CASES CITED BY DEFENDANT

Defendant cited Earl v. Nielsen Media Research, Inc., 658 F.3d 1108 (9th Cir. 2011), Life Technologies Corp. v. Superior Court, 197 Cal.App.4th 640, 652-653 (2011), and Harding Lawson Associates v. Superior Court, 10 Cal.App.4th 7, 10 (1992) to support its assertion that there is a protected privacy interest in the employees' names. The Court has reviewed these cases and determines that they do not support Defendant's argument that the employees' names must be redacted.

1       In <u>Nielsen Media Research, Inc.</u>, the Ninth Circuit did not specifically discuss privacy
2 rights, redaction of individual names, or identification of employees. <u>Nielsen Media
3 Research, Inc.</u>, 658 F.3d 1108. Although the Ninth Circuit did refer to the other employees
4 in this case by identification numbers rather than by names, the only mention of the
5 identification issue is in the single sentence, "Nielsen has identified the employees by
6 number rather than by name." <u>Nielsen Media Research, Inc.</u>, 658 F.3d at 1113. The Court
7 did not discuss any privacy concerns in revealing the names, and no inference can be drawn
8 that the Court was concerned with privacy issues from the mere fact that employee
9 identification numbers were used rather than names.

10       In <u>Life Technologies Corp.</u>, the plaintiff sought far more information than the
11 employees' names. <u>Life Technologies Corp.</u>, 197 Cal.App.4th at 647-648. While the
12 plaintiff did seek the names of all employees terminated during a two-year period, it also
13 requested the department each employee worked for when terminated, the date of
14 termination, the age of each at termination, the reason for termination, whether severance
15 benefits were offered, whether offered severance benefits were accepted, a description of any
16 offered severance benefits, a detailed explanation of reasons for any failure to offer
17 severance benefits, the identity, including name, address, and telephone number, of certain
18 employees, and whether the terminated employees were former employees of certain
19 companies. <u>Id.</u> The court determined that the discovery requests effectively sought the
20 disclosure of confidential personnel records of non-witness third parties, and that the public
21 interest in preserving confidential, personnel information generally outweighs a private
22 litigant's interest in obtaining that information. <u>Id.</u> at 652. The court concluded by stating
23 that the discovery requests were in some respects overbroad and in other respects sought
24 private and personal information without a sufficient showing of compelling need. <u>Id.</u> at
25 654.

26       In <u>Harding Lawson Associates</u>, the trial court ordered the defendant employer to
27 produce personnel records and files of employees other than the plaintiff. <u>Harding Lawson
28 Associates</u>, 10 Cal.App.4th at 10. The California Court of Appeal directed the trial court to

3

14CV0878

vacate its order insofar as it required disclosure of material in the personnel files of employees other than the plaintiff. Id. It held that the trial court's order concerning third party personnel files was overbroad and unjustified because the plaintiff had failed to show a compelling need for particular confidential documents in the files, or that the information could not be obtained through other sources. Id. The court concluded that the order unjustifiably intruded into privacy rights of employees. Id.

### III. RULING

The Court does not find the cases described above to be persuasive, as the requesting party in both Life Technologies Corp. and Harding Lawson Associates were seeking information beyond the individuals' names, and also sought information from the personnel files of employees other than the plaintiff, and the Nielsen Media Research, Inc. court did not discuss privacy concerns. Life Technologies Corp., 197 Cal.App.4th at 652-653; Harding Lawson Associates, 10 Cal.App.4th at 10; Nielsen Media Research, Inc., 658 F.3d 1108. Here, Plaintiff is not seeking any information from the employees' personnel files, nor is Plaintiff seeking the employees' contact information. The Court does not find that there is a privacy interest that is being compromised in producing the employees' names on the spreadsheet in this case. As noted during the Discovery Conference, these employees disclosed their names to the public by wearing name tags during check-in, and the Court has not been presented with any evidence that producing their names in this context would constitute a violation of their privacy interests. Moreover, a Protective Order is in place which places restrictions on the use of this information, providing reasonable security that the employees' names will be appropriately safeguarded. Therefore, the Court hereby ORDERS Defendant to unredact the employees' names on the spreadsheet at issue.

//
//
//
//
//

On or before **January 16, 2015**, Defendant shall produce to Plaintiff the spreadsheet reflecting cash accepted at check-in, with all of the employees's names unredacted.

IT IS SO ORDERED.

DATED:  January 14, 2015

Hon. William V. Gallo
U.S. Magistrate Judge